UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAFAEL VASQUEZ and SOPHIA VASQUEZ, husband and wife, individually and the marital community of them composed,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, an insurance company,<br><br>Defendant. | No. CV-08-5027-LRS<br><br>**ORDER GRANTING MOTION TO REMAND** |

**BEFORE THE COURT** is the Plaintiffs' Motion To Remand (Ct. Rec. 4). This motion is heard without oral argument.

## I.  BACKGROUND

On March 28, 2008, Plaintiffs (Rafael and Sophia Vasquez) filed a lawsuit against the Defendant (Allstate Insurance Company) in Walla Walla County Superior Court.  Plaintiffs allege causes of action for breach of insurance contract, and bad faith and unfair practice, for Allstate's failure to pay a property damage claim.  On April 30, 2008, Allstate removed the action to this court asserting there is federal subject matter jurisdiction on the basis of 28 U.S.C. Section 1332(a)(1) in that Plaintiffs are citizens of the State of Washington, Allstate is a citizen of the State of Illinois, and the amount in controversy exceeds $75,000.  (Ct. Rec. 1).

Plaintiffs now seek remand of the action to Walla Walla County Superior

**ORDER GRANTING**
**MOTION TO REMAND-            1**

Court, contending the amount in controversy does not exceed $75,000, exclusive of interest and costs, and hence, there is no federal subject matter jurisdiction under 28 U.S.C. Section 1332(a)(1).

## II. DISCUSSION

Plaintiffs' Complaint (Ex. B to Ct. Rec. 1) does not ask for a specific dollar amount, but seeks "damages in amounts to be proven at the time of trial" and "three times the actual damages" (treble damages) pursuant to RCW 48.30.15 of Washington's insurance code. These statutory treble damages are essentially punitive damages. The complaint also seeks an award of reasonable attorney's fees pursuant to RCW 48.30.15.

In addition to compensatory damages, the amount in controversy may include punitive damages if they are recoverable as a matter of state law and it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998)(items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are penalties, statutory damages, and punitive damages). If attorneys' fees are recoverable by plaintiff by statute or contract, the fee claim is included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). In cases were a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant must provide evidence that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Allstate contends that based on an Inventory Of Loss of personal property

**ORDER GRANTING**
**MOTION TO REMAND-           2**

and a written estimate of structural repair submitted by Plaintiffs in conjunction with their insurance claim, their claimed contractual damages, exclusive of attorney's fees and costs, is $26,784.65 ($14,534 Inventory Of Loss + $12,250.65 estimate to repair fire damage to garage). (See Exs. 3 and 4 to Declaration of Ryan J. Hall, Ct. Rec. 9). If that amount is trebled, the resulting amount is in excess of $75,000 ($80,353.95). This trebled amount is before consideration of any attorneys' fees recoverable as an element of damages, or that may be awarded to Plaintiffs pursuant to statute if they prevail on their claim under the state insurance code, or that may be recoverable pursuant to a contractual provision.

      Plaintiffs' response is that their complaint seeks recovery of only fire damage, and not theft, and therefore the amount sought pursuant to the Inventory Of Loss (Ex. 3 to Declaration of Ryan J. Hall) is $9,865, not $14,534. Accordingly, Plaintiffs say their claimed contractual damages, exclusive of attorneys' fees and costs, is $22,115 ($9,865 + $12,250). When that amount is trebled, the result is $66,345. Plaintiffs also note that their contractual losses are subject to apparent deductibles of $250 on both the structure (garage) and the personal property. Subtracting $500 from $22,115 leaves $21,615 which, if trebled, results in a total of $64,845. (See Declaration of Rafael Vasquez at Ct. Rec. 13). Plaintiffs also note that the $9,865 in personal property losses represents the purchase price for these items which they contend they are not likely to recover under the insurance policy which provides for reimbursement for the "actual cash value" of said items. (*Id*.). Finally, Plaintiffs assert the amount of attorneys' fees "is a matter of speculation and is probably dependent upon the Defendant."

      The Plaintiffs' Complaint says nothing about theft losses. It refers only to fire damage and moreover, Plaintiffs have now represented they are only seeking recovery for fire damage. With the applicable deductibles, the contractual loss is $21,615 which, if trebled, results in a total of $64,845. The amount of attorneys' fees that Plaintiffs may recover is indeed speculative at this point. Moreover, there

**ORDER GRANTING**
**MOTION TO REMAND-**        **3**

is authority that when a statute, such as RCW 48.30.015(1)[1], calls for an award of attorneys' fees as part of court costs, rather than as part of damages, said attorneys' fees are not considered in determining if the jurisdictional minimum is met. *Suber v. Chrysler Corp.*, 104 F.3d 578, 588, n. 12 (3rd Cir. 1997). 28 U.S.C. Section 1332(a) provides that district courts have diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000, "exclusive of interest and **costs**." (Emphasis added). It is not apparent that in addition to a statutory basis for recovering attorneys' fees, the Plaintiffs have a contractual basis for recovering said fees as was the case in *Olympic Steamship v. Centennial Ins.,* 117 Wn.2d 37, 51-53 and n. 5, 811 P.2d 673 (1991)(i.e., payment of attorneys' fees required pursuant to a specific provision of the policy). Nonetheless, attorneys' fees may be an element of Plaintiffs' consequential damages from any breach of contract that is proven.

      Based on the foregoing analysis, the court concludes that Allstate has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. There is considerable uncertainty as to what, if any, amount of attorneys' fees is at issue. If there are attorneys' fees that should be included in determining the amount in controversy, they would have to be in excess of $10,000 for the amount in controversy to exceed $75,000. That is a fairly significant amount and leads the court to conclude that the complaint, as filed, does not put more than $75,000 at issue. *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004)(diversity jurisdiction ascertained at commencement of action and later events generally do not affect diversity jurisdiction).

---

[1] "Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, **together with the costs of the action, including reasonable attorneys' fees and litigation costs** . . . ." (Emphasis added).

**ORDER GRANTING**
**MOTION TO REMAND-            4**

### III.  CONCLUSION

Plaintiffs' Motion To Remand (Ct. Rec. 4) is **GRANTED** and this action is **REMANDED** to Walla Walla County Superior Court pursuant to 28 U.S.C. Section 1447(c) because this court lacks diversity subject matter jurisdiction.

Pursuant to 28 U.S.C. Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  This is a close case with regard to the amount in controversy and therefore, the court concludes that Allstate had "objectively reasonable" grounds to believe removal was legally proper. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005).  It is not clear that Allstate deliberately overlooked the fact that the Inventory Of Loss document also contained theft losses that are not part of Plaintiffs' claims as set forth in their Complaint.  Furthermore, in its response brief, Defendant essentially asked the Plaintiffs if they were willing to stipulate that they were not seeking in excess of $75,000 (Ct. Rec. 8 at p. 7- "Absent a specific stipulation from the Plaintiffs that they are not seeking in excess of $75,000 . . . .").  Although Plaintiffs cannot be faulted for not wanting to so stipulate, the Plaintiffs' apparent unwillingness to so stipulate supports the court's conclusion that Allstate had "objectively reasonable" grounds to believe removal was legally proper.  The court declines to award fees to Plaintiffs pursuant to 28 U.S.C. Section 1447(c).

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this order, forward a certified copy to the Clerk of the Walla Walla County Superior Court, and forward copies to counsel of record.  The District Court Executive shall close this file.

**DATED** this   20th   day of June, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION TO REMAND-**             5